Dear Judge Carter:
This office is in receipt of your opinion request concerning the Fair Labor Standards Act and overtime compensation. Specifically, your inquiry concerns the accrual and payment of overtime compensation, and to what extent, if any, overtime compensation is owed to an employee of the court. You state that the employee has been classified as an "Information Systems Analyst II" since he began his employment with the court on August 12, 1994; that the employee was informed at the time of his employment that he would receive overtime compensation; and that it was his understanding that upon termination of his employment, he would receive payment for his accumulated overtime on an hour for hour basis. You also state that the court has adopted a new overtime policy which provides that all Information Systems Analysts are exempt employees under the Fair Labor Standards Act. Your questions are as follows:
 (1) Whether the subject employee is owed overtime compensation from the date of his employment, August 12, 1994, until the effective date of the new policy?
 (2) If he is owed overtime compensation, how much compensation is he owed:
 (a) the hours of overtime in excess of 240 hours at time and one-half as required by the Fair Labor Standards Act; or
 (b) the hours of overtime at time and one-half or one for one?
The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.
provides, at 29 U.S.C. § 213, certain exemptions to the overtime compensation requirements found in the Act. 29 U.S.C. § 213
provides, in part:
 (a) The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to —
 (1) any employee employed in a bona fide executive, administrative, or professional capacity; or
 * * * *
 (17) any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is —
 (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
 (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
 (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
 (D) a combination of duties described in subparagraphs (A), (B), and 8 the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less that $27.63 an hour.
* * * *
The factual information you have provided indicates that the subject employee is a computer systems analyst whose duties and responsibilities would fall within the scope of the above quoted exemption. It is our opinion, therefore, that he is presently exempt from the overtime provisions of the Fair Labor Standards Act. In your request, you state that when the subject employee was hired, the court considered him and treated him as a non-exempt employee under FLSA. When the subject employee was hired August 12, 1994, Section 213(a)(17) had not been enacted. However, 29 C.F.R. § 541.303, promulgated October 9, 1992 pursuant to Public Law 101-583, provided that computer systems analysts, computer programmers, software engineers, or other similarly skilled workers in the computer software field are eligible for exemption as professionals under section 13(a)(1) of the Act. That provision was applicable to the subject employee at the time he began his employment with the court. Accordingly, it is our opinion that the employee has been exempt from coverage under the Fair Labor Standards Act during the entirety of his employment with the court, pursuant to 29 C.F.R. § 541.303
and/or 29 U.S.C. § 213.
State law may nevertheless require payment of overtime to an employee who is otherwise exempted from FLSA coverage. InKnecht, et al. v. The Board of Trustees, 591 So.2d 690 (La. 1991), the Louisiana Supreme Court held that employees of a state university had a vested and enforceable right to receive accrued compensatory leave. Compensatory leave is payment for overtime by granting paid leave in lieu of monetary compensation. The employees in that case were employed at a time when the university's policy on overtime compensation was to grant compensatory leave. This policy was later suspended and the employees instituted suit seeking to recover the compensatory leave earned during the existence of the policy. The court held that although there was no express contract between the parties obligating the university to grant compensatory leave, the facts indicated that the university's consent to such an obligation was implied. "[T]he board's actions were of a character to lead the plaintiffs reasonably to expect that they would receive paid leave commensurate with the number of approved hours of overtime worked." 591 So.2d, at 695. Thus, once the employee worked overtime pursuant to the university's leave policy, "a bilateral contract was complete, and the board was obligated to grant paid leave . . . ." 591 So.2d, at 694.
In your request, you explain that when the subject employee was hired, he was considered and treated as a non-exempt employee under FLSA. You further stated, however, that it was his understanding that he would be paid overtime pay and since being hired he has amassed 917 hours of overtime. Since the employee was told that he would be paid overtime pay, clearly he a reasonable basis for his "understanding," and under Knecht, a binding contract was formed when this employee was hired and worked overtime. It is therefore the opinion of this office that the subject employee is owed overtime compensation from the date of his employment, August 12, 1994, until the effective date of the new policy.
An employer has the power and the right to make prospective changes in its compensatory leave policy. Knecht,591 So.2d 690, 697. The court's adoption of an overtime policy stating that all Information System Analysts are exempt employees under the FLSA is a prospective change in its compensatory leave policy. To the extent that the court's new policy does not allow for the earning of compensatory leave under either the FLSA or state law, and the court does nothing to imply such an obligation, it is the opinion of this office that the court is not required to compensate its Information System Analysts for any future overtime worked.
Turning to your second question, we are again guided by theKnecht decision. Under Knecht, when an employer leads an employee to reasonably expect to receive compensatory time off, then the employer is contractually bound to grant compensatory time off. In this case, the subject employee stated that it was his understanding that he would be paid for all his overtime at the rate of one for one. Payment at a rate of one for one is what this employee reasonably expected to receive when he worked overtime and the court is contractually bound to pay that amount. Therefore, it is the opinion of this office that the employee must be paid for the hours of overtime worked at a rate of one for one.
In conclusion, it is the opinion of this office that the Court owes the subject employee overtime compensation from the date of his employment until the effective date of the new policy. Further, the employee must be paid for all hours of overtime at a rate of one for one.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ ROY A. MONGRUE, JR. ASSISTANT ATTORNEY GENERAL